Marcus GL Christ, J.
This is a suit by the husband against the wife for (1) a separation, (2) a declaration of half ownership in the property in defendant’s name, and (3) an injunction against the wife from proceeding with a Florida divorce.
The parties were married in South Carolina on April 23,1943. There is one daughter of the marriage, Susan, born November 26,1944.
*37 The life between the parties has been most disagreeable. The husband is a carpenter, working seasonally but for a long period of time the wife has built up a property and estate of her own and in her own name. She left the husband to live in Florida, taking her daughter with her. While there defendant started an action for divorce against the plaintiff. Also, without the husband’s knowledge or consent defendant wife purchased a parcel of property in Florida.
Upon the first cause of action plaintiff is entitled to judgment of separation upon the ground of abandonment.
The daughter has been shuttled back and forth to Florida and this is not good for her. She should be left in the Port Washington schools so that she can complete her education in some practical field of study.
The mother appeared nervous and erratic and it is the view of the court that the best interest of the daughter will be served by giving custody of her to the father, with a free right of visitation with and by the mother, the girl to remain with the mother until the father procures a suitable dwelling place for him and his daughter.
The property belonged to the wife before she was married, she had an independent estate and never agreed to give any part of it to the husband. The husband has made contributions by way of support but not to acquire an interest in the real estate.
Judgment is given on the second cause of action for the defendant wife. The property is hers and she may keep it.
The suit for divorce in Florida appears to have been abandoned. No injunction will issue against any suit in the future, since new and valid grounds may be later discovered and shown.
It is the view- of the court, although no binding order may be made, that the husband should execute the deed to the Florida property without conditions so that it may be sold and the wife’s investment not lost by default in taxes.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
No costs are awarded to either party .
Settle judgment on notice.